IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES BROADHEAD, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION NO. 11-00456-CG-B
:
L. BALLY, :
:
    Defendant. :

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff's second Amended Complaint. (Doc. 7). In an Order dated October 18, 2011 (Doc. 6), Plaintiff was directed to refile his first Amended Complaint because while it is on the Court's required form for an action alleging violations pursuant to 42 U.S.C. § 1983, Plaintiff failed to provide much of the requested information. Plaintiff was expressly directed to furnish information regarding his previous lawsuits, as requested in Section I of the form complaint. Plaintiff was further directed to supply information about when and where the actions complained of occurred as requested in section II of the form complaint, and to provide information regarding the identity of each defendant and the facts supporting said claim, including the date and location of each alleged action, as requested in section III of the form complaint. (Doc. 6). Plaintiff was cautioned that the failure to

timely comply with the Court's Order would result in dismissal.

A review of Plaintiff's second Amended Complaint (Doc. 7) reveals that he has failed to comply with the Court's directives. For instance, Plaintiff has not provided any information regarding his litigation history although the Court's records reflect that he has filed numerous lawsuits prior to filing the instant action. In fact, Plaintiff has had more than three actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. See Broadhead v. Hopkins, et. al, 10-00439-LSC-RRA (N.D. Ala. May 18, 2010); Broadhead v. McConuco, et al., CA 09-00384-CB-N (S.D. Ala. May 21, 2010); Broadhead v. O'Brian, et. al, CA 10-00475-JHH-RRA (N.D. Ala. May 22, 2010); Broadhead v. Kirrire, et al., CA 10-00053-VEH-RRA (N.D. Ala. Nov. 30, 2010). Additionally, the Public Access to Court Electronic Records ("PACER"), reflects that Plaintiff has also had numerous actions dismissed for failure to prosecute and/or failure to comply with the courts' order.[1]

---

[1] In addition to these dismissals, according to Public Access to Court Electronic Records ("PACER"), twenty (20) § 1983 actions filed by plaintiff have been dismissed for failure to prosecute and/or failure to comply with the court's order. See Broadhead v. Tillman, et al., CA 02-00851-WS-L (S.D. Ala. Apr. 19, 2005); Broadhead v. Macrory, et al., CA 06-00318-BH-C (S.D. Ala. Oct. 3, 2006); Broadhead v. Everette, et al., CA 07-00398-CB-C (S.D. Ala. Nov. 13, 2007); Broadhead v. Michael, et al., CA 09-02473-VEH-RRA (N.D. Ala. Jan. 21, 2010); Broadhead v. Richburg, et al.,CA 10-00054-IPJ-RRA (N.D. Ala. Feb. 24, 2010); Broadhead v. Swain, et al., CA 10-00113-AKK-RRA

Because Plaintiff has had more than three actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted, his second Amended Complaint must be reviewed under Section 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

(N.D. Ala March 16, 2010); Broadhead v. Swain, et al., CA 09-02606-SLB-RRA (N.D. Ala. Mar. 18, 2010); Broadhead v. Mixon, 10-00012-WS-C (S.D. Ala. Mar. 29, 2010); Broadhead v. Thomas, et al., CA 10-00262-VEH-RRA (N.D. Ala. Apr. 6, 2010); Broadhead v. McKay, et al., CA 10-00751-RRA (N.D. Ala. May 24, 2010); Broadhead v. Wise, et al., CA 10-00388-IPJ-RRA (N.D. Ala. June 7, 2010); Broadhead v. Scott, et al., CA 10-01028-AKK-RRA (N.D. Ala. June 8, 2010); Broadhead v. Malone, et al., CA 10-00806-JHH-RRA (N.D. Ala. June 22, 2010); Broadhead v. Miles, et al., 10-01141-JHH-RRA (N.D. Ala. June 22, 2010); Broadhead v. Brown, et al., CA 10-00350-VEH-RRA (N.D. Ala. June 22, 2010); Broadhead v. Scott, et al., CA 10-01152-WMA-RRA (N.D. Ala. June 24, 2010); Broadhead v. Carter, et al., CA 10-01142-AKK-RRA ( N.D. Ala. July 30, 2010); Broadhead v. Bishop, et al., CA 10-00278-KD-M (S.D. Ala. Aug. 23, 2010); Broadhead v. Heinz, et al., CA 10-00129-KD-B (S.D. Ala. Sept. 8, 2010); Broadhead v. Bailey, et al., CA 10-00416-KD-N (S.D. Ala. Oct. 13, 2010); Broadhead v. Stanton, et al., CA 10-00323-CB-B (S.D. Ala. Oct. 14, 2010); Broadhead v. Thompkins, et al., CA 10-01360-RDP-RRA (N.D. Ala. Jan. 3, 2011); Broadhead v. Goldsmith, et al., CA 10-02495-WMA-RRA (N.D. Ala Jan. 4, 2011). Including the present action, Broadhead currently has ten (10) § 1983 actions pending in the Southern and Northern Districts of Alabama.

Thus, under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. Dec. 12, 2008) (unpublished). "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'" Id. (citing 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

In the case at hand, Plaintiff did not pay the $350 statutory filing fee at the time he initiated this action, and the undersigned takes judicial notice of the courts' records which reflect that Plaintiff has had at least three actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Although Plaintiff was provided an opportunity to amend his Complaint to provide information about when and where the actions complained of occurred, and information regarding the identity of each defendant and the facts supporting his claims against each Defendant, he has failed to do so. He has also failed to allege, let alone demonstrate, that at the time he filed the instant action, he was "under imminent danger of serious physical injury." As a result, Plaintiff is not entitled to avoid § 1915(g)'s bar. 28 U.S.C. § 1915(g). *See* Brown v. Johnson, 387 F.3d at 1349 (the "Eleventh Circuit[] [has] determined that a prisoner

must allege a present imminent danger, . . . under section 1915(g). . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

As noted above, "a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 WL 5231863, *2 (N.D. Fla. Dec. 12, 2008). See also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 5) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. §

1915(g).[2]

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **16th** day of **November, 2011.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  In the alternative, this action is due to be dismissed based on Plaintiff's failure to comply with the Court's Order. As noted, Plaintiff ignored the Court's directive to provide information about his litigation history and to provide information about when and where the actions complained of occurred, and information regarding the identity of each defendant and the facts supporting his claims against each Defendant. Upon consideration of the alternatives that are available to the Court, it appears that no sanction less than dismissal without prejudice will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **16th** day of **November, 2011.**

**/s/SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**